**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ALTA MESA RESOURCES, INC., *et al.*, ) | |
| ) | Case No. 19-35133 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| DAVID DUNN, as Trustee of the AMH Litigation ) | |
| Trust, ) | |
| ) | Adv. Pro. No. 21-03909 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HPS INVESTMENT PARTNERS, LLC; ARM ) | |
| ENERGY HOLDINGS, LLC; ARM ) | |
| MIDSTREAM, LLC; AND ASSET RISK ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**APPELLANT'S STATEMENT OF ISSUES AND**
**DESIGNATION OF RECORD ON APPEAL**

Pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, appellant David Dunn, as Trustee of the AMH Litigation Trust ("Plaintiff" or "Appellant"), by and through his undersigned counsel, respectfully submits the following statement of issues to be presented on appeal and designation of items for inclusion in the record on appeal in connection with the appeal of this Court's *Order Dismissing Proceeding* (Adv. Proc. Dkt. No. 93), entered in the above-captioned adversary proceeding on October 2, 2024, and all associated orders and opinions, including without limitation that certain *Order* (Adv. Proc. Dkt. No. 64) entered on March 3, 2023 dismissing Plaintiff's First Amended Complaint.

1

**Statement of the Issues on Appeal**

1. In light of the Bankruptcy Court's holding that Plaintiff's claims in the Second Amended Complaint were each subject to the notice pleading standard of Federal Rule of Civil Procedure 8, did the Bankruptcy Court err in holding Plaintiff's Second Amended Complaint failed to sufficiently allege the defendants (the "Defendants"), as "entit[ies] for whose benefit such transfer was made" under 11 U.S.C. § 550, and/or "person[s] for whose benefit the transfer was made" under Texas Business & Commercial Code § 24.009 (each, a "Transfer Beneficiary"), received a direct, ascertainable and quantifiable benefit from the identified constructive fraudulent transfers?

2. Did the Bankruptcy Court err by holding that when a plaintiff seeks to avoid and recover a constructive fraudulent transfer from a shareholder of an initial transferee as a Transfer Beneficiary, and has not sufficiently pleaded a direct, ascertainable and quantifiable benefit, the plaintiff must allege facts sufficient to pierce the transferee's corporate veil pursuant to *Janvey v. Libyan Investment Authority*, 840 F.3d 248 (5th Cir. 2016)?

3. In light of the Bankruptcy Court's holding that Plaintiff's claims in the Second Amended Complaint were each subject to the notice pleading standard of Federal Rule of Civil Procedure 8, did the Bankruptcy Court err by holding Plaintiff's Second Amended Complaint otherwise failed to allege sufficient facts to state claims for constructive fraudulent transfers against the Defendants, as Transfer Beneficiaries, under 11 U.S.C. §§ 544, 548 and 550, and Tex. Bus. & Com. §§ 24.005, 24.006, 24.008 and 24.009?

## Designation of the Record on Appeal

The Appellant hereby designates the following items for inclusion in the record on appeal. The following designations of pleadings and matters of record include *all* filed exhibits attached or associated on the docket with the designated items.

### Adversary Docket Items (Adv. Proc. No. 21-03909)

| Item No. | Docket No. | Filing Date | Item Description |
|---|---|---|---|
| 1 | N/A | N/A | Docket sheet for Adversary Proceeding |
| 2 | 1 | 09/10/2021 | Complaint (including all exhibits attached thereto) |
| 3 | 40 | 07/11/2022 | First Amended Complaint (including all exhibits attached thereto) |
| 4 | 48 | 08/25/2022 | Motion to Dismiss Adversary Proceeding, filed by HPS Investments Partners |
| 5 | 49 | 08/25/2022 | Motion to Dismiss Adversary Proceeding, filed by ARM Energy Holding, LLC, ARM Midstream, LLC, and Asset Risk Management, LLC (together, "ARM Defendants") |
| 6 | 52 | 10/03/2022 | Plaintiff's Omnibus Opposition to Motions of ARM Defendants and HPS Investment Partners, LLC to Dismiss First Amended Complaint |
| 7 | 53 | 10/03/2022 | Request for Judicial Notice in Support of Plaintiff's Omnibus Opposition to Motions of ARM Defendants and HPS Investment Partners, LLC to Dismiss First Amended Complaint [Dkts. 48, 49] (including all exhibits attached thereto) |
| 8 | 55 | 10/28/2022 | Reply in Support of Rule 12(b)(6) Motion to Dismiss the Amended Complaint on Behalf of HPS Investment Partners, LLC |
| 9 | 56 | 10/28/2022 | Reply in Support of ARM Defendants' Rule 12(b)(6) Motion to Dismiss the First Amended Complaint |
| 10 | 57 | 11/14/2022 | Exhibit List for November 16, 2022 hearing, filed by Plaintiff (including all exhibits attached thereto) |
| 11 | 59 | 11/14/2022 | Exhibit List for November 16, 2022 hearing, filed by HPS Investment Partners, LLC (including all exhibits attached thereto) |
| 12 | 60 | 11/15/2022 | Exhibit List for November 16, 2022 hearing, filed by the ARM Defendants (including all exhibits attached thereto) |
| 13 | 61 | 11/16/2022 | Courtroom Minutes |
| 14 | 62 | 11/16/2022 | PDF with Audio File of Hearing on Motion to Dismiss held on November 16, 2022 |
| 15 | 63 | 03/03/2023 | Memorandum Opinion |

| Item No. | Docket No. | Filing Date | Item Description |
|---|---|---|---|
| 16 | 64 | 03/03/2023 | Order |
| 17 | 70 | 03/24/2023 | Second Amended Complaint (including all exhibits attached thereto) |
| 18 | 74 | 04/24/2023 | Motion to Dismiss Adversary Proceeding, filed by the ARM Defendants |
| 19 | 75 | 04/24/2023 | Motion to Dismiss Adversary Proceeding, filed by HPS Investments Partners |
| 20 | 77 | 05/26/2023 | Plaintiff's Omnibus Opposition to Motions of ARM Defendants and HPS Investment Partners, LLC to Dismiss Second Amended Complaint [ECF Nos. 74, 75] |
| 21 | 78 | 06/16/2023 | Reply Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint on Behalf of HPS Investment Partners, LLC |
| 22 | 79 | 06/16/2023 | Reply in Support of ARM Defendants' 12(b)(6) Motion to Dismiss the Second Amended Complaint |
| 23 | 80 | 07/13/2023 | Exhibit List for July 17, 2023 hearing, filed by Plaintiff (including all exhibits attached thereto) |
| 24 | 81 | 07/13/2023 | Additional Attachments to Exhibit List for July 17, 2023 hearing, filed by Plaintiff (including all exhibits attached thereto) |
| 25 | 82 | 07/14/2023 | Exhibit List for July 17, 2023 hearing, filed by HPS Investments Partners (including all exhibits attached thereto) |
| 26 | 84 | 07/17/2023 | PDF with attached Audio File of Hearing on Motion to Dismissed held on July 17, 2023 |
| 27 | 85 | 07/17/2023 | PDF with attached Audio File of Hearing on Motion to Dismissed held on July 17, 2023 |
| 28 | 88 | 07/27/2023 | Transcript of Hearing held on July 17, 2023 |
| 29 | 89 | 07/28/2023 | Notice of Filing of Official Transcript of Hearing held July 17, 2023 |
| 30 | 92 | 10/01/2024 | Memorandum Opinion |
| 31 | 93 | 10/01/2024 | Order Dismissing Proceeding |

**Main Bankruptcy Case Docket Items (Case No. 19-35133)**

| Item No. | Docket No. | Filing Date | Item Description |
|---|---|---|---|
| 32 | N/A | N/A | Docket sheet for Main Bankruptcy Case |
| 33 | 1757 | 05/24/2020 | First Amended Chapter 11 Plan Filed by Alta Mesa Resources, Inc. |
| 34 | 1761 | 05/25/2020 | Notice of Filing of Second Plan Supplement for the First Amended Joint Plan of Liquidation of Alta Mesa Resources, Inc. and its AMH and SRII Debtor Affiliates under Chapter 11 of the Bankruptcy Code (including all exhibits attached thereto) |

| 35 | 1777 | 05/27/2020 | Findings of Fact, Conclusions of Law, and Order (I) Approving the AMR/AMH Debtors' Disclosure Statement and (II) Confirming the First Amended Joint Plan of Liquidation of Alta Mesa Resources, Inc. and its AMH and SRII Debtor Affiliates Under Chapter 11 of the Bankruptcy Code |
|---|---|---|---|
| 36 | 1834 | 06/08/2020 | Notice Entry of Confirmation Order and Effective Date of First Amended Joint Plan of Liquidation of Alta Mesa Resources, Inc. and its AMH and SRII Debtor Affiliates Under Chapter 11 of the Bankruptcy Code. |

### Certification Regarding Transcripts

Appellant certifies that he has requested the transcript of the hearing held on November 16, 2022. All additional transcripts have been prepared, are on the docket, and have been designated.

### Reservation of Rights

Appellant expressly reserves the right to (i) withdraw, supplement, amend or modify this Statement of Issues and Designation of Record on Appeal and (ii) move to strike any items included by the Appellees in a designation of additional items. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Respectfully submitted,

Dated: October 29, 2024         COVINGTON & BURLING LLP

/s/ Joseph R. Dunn
By:   Joseph R. Dunn
      Abigail V. O'Brient
      1999 Avenue of the Stars
      Los Angeles, California 90067
      Telephone: +1 (424) 332-4800
      Facsimile: +1 (424) 332-4749
      Email: jdunn@cov.com
             aobrient@cov.com

*Counsel for Plaintiff David Dunn, as Trustee of the AMH Litigation Trust*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties registered to receive service through this Court's ECF notification system, on October 29, 2024.

*/s/ Joseph R. Dunn*
Joseph R. Dunn